UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **MICHAEL ANDERSON** | **CIVIL ACTION NO. 3:15-cv-1497** |
| **LA. DOC #118644** | |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **UNKNOWN DOCTOR** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Michael Anderson, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on April 30, 2015. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections. He is incarcerated at the East Carroll Detention Center (ECDC), Lake Providence, Louisiana. His complaint identifies no defendant, alleges no Statement of Claim, and concludes with the following prayer for relief, "Advise East Carroll Detention Center to process Administrative Grievance Procedure so then I may be able to go through to Step 3 than I can be provided proper medical care in order to alleviate foot pain. Specifically surgery." [Doc. 1]

On May 28, 2015, plaintiff was ordered to amend his complaint. Among other things, he was ordered to identify each defendant, to describe what each defendant did to violate plaintiff's rights, to state the place and date of each violation, and, to describe the injury sustained as a result of the alleged violations.  He was also directed to provide: "... a more detailed description of his medical condition, the treatment and medication he claims that he is entitled to and the injuries and the harm sustained as a result of the defendants' fault." [Doc. 5]

On June 29, 2015, plaintiff responded to the amend order by sending a copy of an undated

Offender Grievance which complained of an incident alleged to have occurred on June 22, 2015. Therein plaintiff claimed that "I Michael Anderson 118644 complain of foot pain for which cause's pain and suffering corn's I was given a prescription on 5/15/2015 Time 2:00 p.m. for which is inaccurate by Spanish Medical Doctor for whom..." He concluded this cryptic grievance with a request for a transfer to a DOC medical facility where he could obtain "proper care, specifically surgery." [Doc. 6, p. 3] Plaintiff also provided a copy of the prison's response to his grievance dated May 22, 2015 and signed by Capt. Robert A. Russell. Capt. Russell rejected the grievance noting "this incident happen [sic] more than seven months ago. Complaints must be filed up to 30 days of incident." [Doc. 6, p. 2]

*Law and Analysis*

*1. Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (*per curiam*). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon

which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

The law accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A complaint is frivolous if it lacks an arguable basis in fact (i.e. the facts are clearly baseless, a category including allegations that are fanciful, fantastic, or delusional). *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir.1995); *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); *Denton v. Herndandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

*2. Prison Grievances*

To the extent that plaintiff claims that the prison's grievance system is inadequate, such a claim does not allege a Constitutional violation. *Compare Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005) (Prisoners do not have a federally protected liberty interest in having their grievances resolved to their satisfaction; any alleged due process violation arising from the alleged failure to investigate prisoner grievances is indisputably meritless); (see also *Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 138, 97 S.Ct. 2532, 53 L.Ed.2d 629 (1977) (Burger, C.J., concurring) (applauding the institution of grievance procedures by prisons but not suggesting that such procedures are constitutionally required); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.1996) ("[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause."); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir.1994)

("[T]he constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir.1993) (quotation omitted) (holding that a prison grievance procedure is not a substantive right and "does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment"); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir.1991 *(per curiam)* (concluding regulations providing for administrative remedy procedure do not create liberty interests in access to that procedure); and *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.1988) ("There is no legitimate claim of entitlement to a grievance procedure.").

### 3. Medical Care

Further, to the extent that plaintiff asserts a medical care claim, he provides too little information. As noted above, he was specifically directed to amend his complaint to provide the information necessary to determine whether his Eighth Amendment right to be free from cruel and unusual punishment was violated. He supplied only a copy of his untimely grievance.

In any event, as previously noted, plaintiff's medical care claim arises under the Eighth Amendment's prohibition against cruel and unusual punishment. Plaintiff's claim amounts to an Eighth Amendment violation only if he can establish deliberate indifference resulting in substantial harm. *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006). The facts underlying a claim of deliberate indifference must clearly establish the serious medical need in question and the alleged indifference of the prison officials. *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). "A serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." *Gobert v. Caldwell*, 463 F.3d 339, 345 n.12 (5th Cir. 2006). "Deliberate indifference is an extremely high

standard to meet." *Domino v. Texas Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001). "[T]he plaintiff must show that the officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Id.* (internal quotation marks and citation omitted). "[M]ere negligence, neglect, or medical malpractice" do not constitute deliberate indifference. *Varnado*, 920 F.2d at 321. Even "gross negligence" does not establish deliberate indifference. *Hernandez v. Tex. Dep't of Prot. and Reg. Servs.*, 380 F.3d 872, 882 (5th Cir. 2004). Based upon the information thus far supplied, it appears that plaintiff suffers from corns; that he requested surgery; that the unidentified "Spanish" physician who treated him opted to prescribe medication instead of surgery. In other words, the evidence suggests that plaintiff merely disagreed with the diagnosis and treatment plan of the examining physician. His disagreement with the health care professional's diagnosis or treatment choices falls far short of establishing deliberate indifference since mere disagreement with medical diagnosis or treatment does not state a claim under the Eighth Amendment. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997), citing *Young v. Gray*, 560 F.2d 201, 201 (5th Cir.1977); *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir.1985).

*Recommendation*

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous for failing to state a claim for which relief may be granted in accordance with the provisions of 28 U.S.C. §§ 1915 and 1915A.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved

by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

In Chambers, Monroe, Louisiana, September 18, 2015.

_____
**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**